AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
|---|---|
| v. | ) Case: 1:23-mj-00329 |
| Kyle Douglas McMahan | ) Assigned to: Judge Upadhyaya, Moxila A. |
|  | ) Assign Date: 11/30/2023 |
|  | ) Description: COMPLAINT W/ ARREST WARRANT |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* __Kyle Douglas McMahan__,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☒ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 231(a)(3) - Obstruction of Law Enforcement During Civil Disorder;
18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;
18 U.S.C. § 1752(a)(2) - Knowingly, and with intent to impede or disrupt the orderly conduct of Government business;
40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building;
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building;
18 U.S.C. § 111(a)(1) - Assaulting, Resisting, or Impeding Certain Officers (Physical Contact).

Date: 11/30/2023

*Issuing officer's signature*

MOXILA A. UPADHYAYA  U.S. Magistrate Judge
City and state: Washington, D.C.
*Printed name and title*

---

**Return**

This warrant was received on *(date)* 11/30/2023, and the person was arrested on *(date)* 12/6/2023
at *(city and state)* Dallas, Texas.

Date: 12/6/2023

*Arresting officer's signature*

Jimmy Beachum, SA FBI
*Printed name and title*

# United States District Court
## NORTHERN DISTRICT OF TEXAS AT FORT WORTH

| | |
|---|---|
| UNITED STATES OF AMERICA | § WAIVER OF RULE 5(c) HEARINGS |
| V. | § (Excluding Probation Cases) |
| KYLE DOUGLAS MCMAHAN | § CASE NUMBER: 4:23-MJ-931 |

I, Kyle Douglas McMahan, understand that in the District of Columbia, charges are pending, and I have been arrested in this District and taken before a United States Magistrate Judge who informed me of, the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim. P., in order to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

( ✓ ) identity hearing

( ✓ ) Preliminary Hearing

December 6, 2023

_____
Defendant

_____
Defense Counsel

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 8 2023
CLERK, U.S. DISTRICT COURT
By_____
Deputy

5

AO 199A (Rev. 12/11) Order Setting Conditions of Release          Page 1 of 3     Pages

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas, Fort Worth Division

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 4:23-MJ-931 |
| ) | |
| KYLE DOUGLAS MCMAHAN ) | |
| *Defendant* ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: Remotely in the District of Columbia (see attached instructions)
*Place*

Before Magistrate Judge G. Michael Harvey

on December 14, 2023 at 12:30 pm ET
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

6

## Additional Conditions of Release

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐ (6) The defendant is placed in the custody of
Person or organization: _____
Address (only if an organization) _____
City and State _____
who agree to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____
Custodian        Date _____

(7) The defendant must:
X (a) submit to supervision by and report for supervision to the United States Probation Officer as directed.
X (b) continue to actively seek employment.
☐ (c) continue to start and education program.
X (d) surrender any passport and/or any passport card to the United States Probation Officer.
X (e) not obtain a passport or other international travel document.
X (f) abide by the following restrictions on personal association, residence, or travel: <u>Travel restricted to the Northern District of Texas and</u> and to and from the District of Columbia for Court purposes unless permission received from the US Probation Officer <u>unless permission received from the United States Probation Officer</u>.
X (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution including: but not limited to anyone involved in anyway with the US Capitol protest held on January 6, 2021 and any protest participants, those involved in the organization or planning of a protest.
☐ (h) get medical or psychiatric treatment as directed by the United States Probation Officer. The defendant shall contribute to the costs of services rendered (copayment) as determined by the United States Probation Officer.
☐ (i) maintain residence at a halfway house or community corrections center, as the United States Probation Officer considers necessary.
X (j) not possess a firearm, destructive device, or other weapon.
X (k) not to use alcohol ☐ at all X excessively.
X (l) not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Including the use of any synthetic and/or natural substance to alter mood and/or cognitive ability such as CBD and hemp oils/products.
☐ (m) submit to testing for a prohibited substance if required by the United States Probation Officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. The defendant shall contribute to the costs of services rendered (copayment) as determined by the United States Probation Officer.
☐ (n) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the United States Probation Officer. The defendant shall contribute to the costs of services rendered (copayment) as determined by the United States Probation Officer.
☐ (o) submit to location monitoring as directed by the United States Probation Officer and participate in one of the following location restriction programs and comply with all program requirements as directed. . The defendant must pay all or part of the costs of any monitoring program based on their ability to pay as determined by the United States Probation Officer.
   ☐ (i) **Curfew**. You are restricted to your residence every day ☐ from _____ to _____, or ☐ as directed by the United States Probation Officer; or
   ☐ (ii) **Home Detention**. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the United States Probation Officer; or
   ☐ (iii) **Home Incarceration**. You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
☐ (p) Stand Alone Monitoring (SAM): Requires the use of Global Positioning System (GPS) tracking to monitor and enforce any other condition(s) of release (e.g. travel restrictions) _____. . The defendant must pay all or part of the costs of any monitoring program based on their ability to pay as determined by the United States Probation Officer.
X (q) report as soon as possible, to the United States Probation Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
X (r) not participate in any capacity in any criminal activity, associate with any person engaged in any criminal activity, or enter into, or perform under, any agreement to act as an informer for, or special agent of, any governmental agency without permission of the court.
X (s) <u>Restricted from entering the US Capitol or the grounds of the US Capitol</u>

7

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Fort Worth, Texas
_____
*City and State*

## Directions to the United States Marshal

(✓) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: December 6, 2023

_____
*Judicial Officer's Signature*

Jeffrey L. Cureton, UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION:   COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL

8

# U.S. District Court
# Northern District of Texas (Fort Worth)
# CRIMINAL DOCKET FOR CASE #: 4:23−mj−00931−BJ All Defendants

Case title: USA v. McMhahan

Date Filed: 12/06/2023

Other court case number:  1:23−MJ−329 District of Columbia

Assigned to: Magistrate Judge Jeffrey L. Cureton

**Defendant (1)**

**Kyle Douglas McMhahan**  represented by  **Rachel Maureen Taft−FPD**
Assistant Federal Public Defender
819 Taylor St.
Room 9A10
Fort Worth, TX 76102
817−978−2753
Fax: 817−978−2757
Email: rachel_taft@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Public Defender Appointment*
*Bar Status: Admitted/In Good Standing*

**Pending Counts**                                **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                             **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                    **Disposition**

18 U.S.C. § 231(a)(3) −
Obstruction of Law Enforcement
During Civil Disorder, 18 U.S.C. §
1752(a)(1) − Knowingly Entering

1

or Remaining in any Restricted Building or Grounds Without Lawful Authority, 18 U.S.C. § 1752(a)(2) − Knowingly, and with intent to impede or disrupt the orderly conduct of Government business

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | J Stevenson Weimer−DOJ<br>US Attorney's Office<br>801 Cherry St<br>Suite 1700, Unit 4<br>Fort Worth, TX 76102<br>817/252−5200<br>Fax: 817−252−5455<br>Email: jay.weimer@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: US Attorney's Office*<br>*Bar Status: Admitted/In Good Standing* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/06/2023 | | Arrest (Rule 5) of Kyle Douglas McMhahan. Case Number 1:23−MJ−329 Complaint and Warrant from District of Columbia. (mcrd) (Entered: 12/08/2023) |
| 12/06/2023 | 1 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Jeffrey L. Cureton: Initial Appearance Rule 5(c) as to Kyle Douglas McMhahan held on 12/6/2023. Date of Arrest: 12/6/2023 on warrant from the District of Columbia; Deft executed financial affidavit; O/appointing FPD for this hearing entered; Deft waives Rule 5(c) hearing as to identity & Preliminary Hearing; Gov't not moving for detention; Deft executed PR bond & advised of conditions of pretrial release; o/setting conditions of pretrial release entered; deft released on conditions w/instructions to appear in the prosecuting district via zoom on December 14, 2023. Attorney Appearances: AUSA − Matt Weybrecht for Jay Weimer; Defense − Rachel Taft. (No exhibits) Time in Court − :06. (Court Reporter: Digital File) (USPO Mouret.) (mcrd) (Entered: 12/08/2023) |
| 12/06/2023 | 2 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Kyle Douglas McMhahan. (Ordered by Magistrate Judge Jeffrey L. Cureton on 12/6/2023) (mcrd) (Entered: 12/08/2023) |
| 12/06/2023 | 3 | ELECTRONIC ORDER As to Kyle Douglas McMhahan:<br><br>This written order is entered pursuant to Rule 5(f)(1) of the Federal Rules of Criminal Procedure, and is entered by the court on the first scheduled court date when both the prosecutor and defense counsel are present.<br><br>By this order −− issued to the prosecution and defense counsel −− the court confirms the disclosure obligations of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such order under |

|            |   |   |
|------------|---|---|
|            |   | applicable law. Failure to do so may result in consequences such as the dismissal of the indictment or information, dismissal of individual charges, exclusion of evidence or witnesses, adverse jury instructions, contempt proceedings, and/or sanctions by the court. (Ordered by Magistrate Judge Jeffrey L. Cureton on 12/6/2023) (mcrd) (Entered: 12/08/2023) |
| 12/06/2023 | 4 | WAIVER of Rule 5(c) Hearings by Kyle Douglas McMhahan (mcrd) (Entered: 12/08/2023) |
| 12/06/2023 | 5 | ORDER Setting Conditions of Release as to Kyle Douglas McMhahan (1)Deft released on PR bond; Deft to next appear remotely on 12/14/23 at 12:30 p.m. ET or as directed by the Court or U.S. Probation Officer; see order for specific conditions. (Ordered by Magistrate Judge Jeffrey L. Cureton on 12/6/2023) (mcrd) (Entered: 12/08/2023) |